UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY S. JONES,

        Petitioner,        Case No. 2:11-cv-188

v.        Honorable Robert Holmes Bell

GREG McQUIGGIN,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. However, because it is not entirely clear whether the state courts will entertain Petitioner's successive motion for relief from judgment, the Court will stay the petition pending completion of state-court review of Petitioner's unexhausted claims.

**Discussion**

I.   Factual allegations

Petitioner Anthony S. Jones, through counsel, has filed a petition for writ of habeas corpus, together with a motion to stay the proceedings pending exhaustion of further state-court remedies. Following a jury trial, Petitioner, who at the time of the offense was 17 years old, was convicted of first-degree felony murder, MICH. COMP. LAWS § 750.316, and assault with intent to rob while armed, MICH. COMP. LAWS § 750.89. The underlying offense involved a robbery of a convenience store in which Petitioner's co-defendant shot the owner of the store after Petitioner had left the scene. At the time of Petitioner's conviction, Michigan law did not require that a defendant have any *mens rea* to support felony-murder; an intent to commit the underlying offense was sufficient. There exists no dispute that Petitioner did not kill or intend to kill anyone. On August 13, the Kalamazoo County Circuit Court sentenced Petitioner to life imprisonment without parole.

Petitioner appealed his convictions to both the Michigan Court of Appeals and the Michigan Supreme Court. The court of appeals affirmed the conviction on June 11, 1982, and the supreme court denied leave to appeal on February 23, 1983. Petitioner filed a motion for new trial, which was treated by the Kalamazoo County Circuit Court as a motion for relief from judgment. The motion was denied on August 15, 1995. Petitioner sought leave to appeal to the court of appeals, which was denied on July 24, 1997.

In 2009, Petitioner, through counsel, filed a second motion for relief from judgment, raising the following issues: (1) denial of a fair trial because of improper jury instructions; (2) denial of Petitioner's right under the Due Process and Equal Protection Clauses to a jury of his peers. The court denied the motion for relief from judgment on July 9, 2009. Petitioner again sought leave to

appeal to the Michigan Court of Appeals, which was denied on September 9, 2010. A motion for reconsideration was denied on November 12, 2009. Petitioner filed an application for leave to appeal to the Michigan Supreme Court on January 4, 2010. On May 17, 2010, while Petitioner's Michigan Supreme Court appeal was pending, the Supreme Court decided *Graham v. Florida*, 130 S. Ct. 2011 (2010), holding that a sentence of life without parole for juveniles who did not commit homicide violates the Eighth Amendment. The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 9, 2010. Petitioner filed a motion for reconsideration, raising the constitutionality of his sentence under *Graham*, 130 S. Ct. 2011. On January 13, 2011, the supreme court denied the motion for reconsideration.

On April 21, 2011, Petitioner, through counsel, filed another motion for relief from judgment, contending that *Graham*, 130 S. Ct. 2011, should be applied retroactively and that Petitioner's sentence violates both the Eighth Amendment and the Michigan Constitution. On April 27, 2011, the Kalamazoo County Circuit Court ordered the state to file a response.

Petitioner filed the instant habeas petition on May 16, 2011. He contends that his sentence violates the Eighth Amendment under *Graham*, 130 S. Ct. 2011, and, in the alternative, is grossly disproportionate to the offense. Petitioner moves for a stay of the action pending the completion of state-court review of his motion for relief from judgment.

    II.  <u>Failure to exhaust available state-court remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's

constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). As previously discussed, Petitioner acknowledges that his claims have not yet been raised at all levels of the state courts. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Arguably, Petitioner has one available procedure by which to raise the unexhausted issues he has presented in this application – a successive motion for relief from judgment under MICH. CT. R. 6.502(G)(2), which Petitioner already has filed. Under Michigan law, except in narrow circumstances, only one such motion may be filed after August 1, 1995.[1] *See* MICH. CT. R. 6.502(G)(1). The exception to the one-motion rule is for motions based on a retroactive change in the law that occurred after the first motion for relief from judgment was filed. *See* MICH. COMP.

---

[1] Although, technically, the April 21, 2011 motion is Petitioner's third motion for relief from judgment, his first motion was filed before August 1, 1995. As a consequence, his second motion for relief from judgment was not deemed successive under MICH. CT. R. 6.502(G)(1).

LAWS § 6.502(G)(2). Petitioner bases his successive motion on a retroactive change in the law, and the state court has accepted Petitioner's motion for filing, suggesting that the motion was deemed properly filed by the trial court. *See* MICH. CT. R. 6.502(G)(1) (mandating the return of successive motions without filing unless they meet the requirement of MICH. CT. R. 6.502(G)(2)). Therefore, it appears that Petitioner has an available state remedy.

However, dismissal of the action for lack of exhaustion is unwarranted on the facts of this case. Since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice has the potential to effectively preclude future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(C), the one-year limitation period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Assuming that the *Graham* decision applies retroactively to cases on collateral review, Petitioner had one year from the date it was decided, May 17, 2010, in which to file his petition. Accordingly, absent tolling[2], Petitioner had until May 17, 2011 in which to file his habeas petition. Petitioner filed the instant petition on May 16, 2011.

---

[2] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Because a dismissal for lack of exhaustion could effectively foreclose a petitioner's ability to pursue habeas relief, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed[3] petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). The Supreme Court has approved the stay-and-abeyance procedure adopted in *Palmer*. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). However, the Supreme Court narrowed the application of the *Palmer* rule, holding that the stay-and-abeyance procedure should be available only in limited circumstances, since over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines*, 544 U.S. at 277. A district court contemplating stay and abeyance should stay the petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

In his motion to stay the proceedings, Petitioner sets forth the reasons a stay should be granted in this case. As Petitioner indicates, the instant case is highly unusual. Petitioner filed a successive motion for relief from judgment on April 21, 2011. Given that the state court has

---

[3]A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims. The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. The Court assumes, however, that the stay-and-abeyance procedure also is properly applied to non-mixed petitions.

accepted the successive motion for filing, it appears likely that the statute of limitations will remain tolled during the pendency of the state-court proceedings. *See* 28 U.S.C. § 2244(d)(2) (tolling the statute of limitations during the pendency of "properly filed" state postconviction proceedings). However, should the state courts subsequently determine that the successive motion was not proper under MICH. CT. R. 6.502(G)(2), Petitioner would not be entitled to the benefits of the tolling provision set forth in § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that an application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings") (emphasis in original). As a result, were the Court to deny the motion to stay and dismiss the petition for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781. The Supreme Court has approved the filing of a protective petition and the use of a stay-and-abeyance procedure when reasonable confusion exists about whether a state-court proceeding will toll the running of the statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Court concludes that reasonable confusion exists about the whether the statute of limitations is tolled by the state-court proceedings. The Court further concludes that Petitioner has shown good cause for filing his habeas petition prior to completing exhaustion, that his underlying claims are not plainly meritless, and that he has engaged in no dilatory litigation tactics. *Rhines*, 544 U.S. at 277. Accordingly, the Court will grant Petitioner's motion to stay the proceedings.

    An Order consistent with this Opinion will be entered.

Dated: July 12, 2011                 /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE